UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00439 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 [doc. #1].

**I.  BACKGROUND**

Terry Brown ("Petitioner") was charged in a superseding indictment for conspiring to distribute cocaine in an amount in excess of five kilograms, and PCP in an amount in excess of one kilogram in violation of 21 U.S.C. §846. Petitioner was found guilty by a jury and was subsequently sentenced to a period of imprisonment of 240 months and a five-year term of supervised release.

Following Petitioner's conviction and sentencing, Petitioner filed an appeal with the United States Court of Appeals for the Eighth Circuit. This appeal raised four grounds for relief: (1) insufficiency of the evidence to support a conviction for conspiracy; (2) newly discovered evidence; (3) constitutionality of using prior convictions to enhance his sentence; and (4) that the sentence was disproportionate to the offense. The appeal was denied on July 19, 2006. Petitioner then requested a writ of certiorari from the Supreme Court, which was denied.

1

Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence on March 5, 2007, followed by three amendments filed on August 13, 2007, January 22, 2008 and March 3, 2008. In this motion, Petitioner alleges improper federal jurisdiction, violation of due process, and ineffective assistance of counsel.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. §2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. For § 2255 petitions, "the question in each case must be . . . whether the kind of violation alleged demonstrates either 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *Poor Thunder v. United States*, 810 F.2d 817, 822 (8th Cir. 1987) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

The Court must hold an evidentiary hearing to consider claims in a §2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994), *see also Furnish v. United States*, 215 F.Supp.2d 1020, 1023 (E.D. Mo. 2000). Thus, a petitioner is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the petitioner] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (*quoting Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

2

A § 2255 claim may be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted, unless the petitioner can demonstrate either cause for the default and actual prejudice, or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (cited in *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001)); *see also Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987) (applying cause and actual prejudice requirement to § 2255 actions).

A §2255 claim, however, may be raised based on the ineffectiveness of counsel. It is well established that an ineffectiveness of counsel claim may be properly raised, other than on direct appeal, under a §2255 petition. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006). To be successful on this basis the petitioner must demonstrate: (1) counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment[,]" and (2) "counsel's deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995).

To prove ineffective assistance under the first prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The recent Eighth Circuit case of *Marcrum v. Luebbers*, 509 F.3d 489, 503 (8th Cir. 2007), is instructive in resolving the issue of "deficiency of performance" in the *Strickland* context:

> The test we apply for deficiency of performance is an objective standard of reasonableness. [*Strickland,* 466 U.S. at 688.] In *Strickland*, when the Supreme Court pronounced this standard, it expressly declined to dictate detailed rules for deciding reasonableness: "More specific guidelines are not appropriate." *Id*. However, *Strickland* gave us several guides to decision: we must assess reasonableness on all the facts of the particular case, we must view the facts as they existed at the time of

counsel's conduct, and we must evaluate counsel's performance with a view to whether counsel functioned to assure adversarial testing of the state's case. *Id.* at 690.

Additionally, the second prong of the *Strickland* test requires a determination of whether counsel's deficient performance effected the result.

> If viewed with appropriate deference, counsel's performance was in fact deficient, the convicted defendant will only be entitled to relief if he shows there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The reviewing court must not consider the attorney error in isolation, but instead must assess how the error fits into the big picture of what happened at trial. *Id.* at 696. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.*

*Marcrum*, 509 F.3d at 503. The Court may address the two prongs of the *Strickland* test in any order, and if a petitioner fails to make a sufficient showing on one prong, the Court need not address the other. *Strickland*, 466 U.S. at 697; *Matthews v. United States*, 114 F.3d 112, 113-14 (8th Cir. 1997).

## III. DISCUSSION

Petitioner seeks post-conviction relief on five grounds: (1) the trial court lacks subject matter jurisdiction over Petitioner; (2) the charging instrument of the Government was defective because the Government failed to assert an interstate nexus as an element of the offense; (3) Title 21 of the United States Code is not a federal violation because it lacks a nexus to interstate commerce; (4) imposing a mandatory minimum sentence violated Petitioner's Fifth Amendment right to due process of law; and (5) ineffective assistance of counsel.

The first four grounds which are either constitutional or jurisdictional claims were not raised on direct appeal, and therefore, these claims are procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice, or actual innocence. *Bousley*, 523 U.S. at 622. Ineffective assistance of counsel may constitute cause and prejudice sufficient to

excuse the procedural default. *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Since Petitioner claims ineffective assistance of counsel as his last argument, this Court, being mindful that Petitioner is acting *pro se*, construes the first four claims as alleging that Petitioner's counsel was ineffective for failing to raise the foregoing arguments. Under Petitioner's claim of ineffective assistance, Petitioner alleges four bases for relief. Petitioner argues that his counsel: 1) represented conflicting interests; 2) failed to establish that the Government lacked jurisdiction over Petitioner;[1] 3) failed to argue that the evidence was insufficient to support the conviction;[2] and 4) failed to investigate alibi evidence and vigorously cross-examine the witnesses. The Court will address every argument made by Petitioner in his respective filings, however, as the legal issues in some of Petitioner's claims overlap, the Court will not necessarily address each claim individually.

A. **Conflict of Interests**

Petitioner's first argument is that his counsel, JoAnn Trog, had conflicting interests because of her professional relationship with Petitioner's co-defendant's counsel. The Government disputes that Ms. Trog had any conflicting interests, and therefore no prejudice to the Petitioner occurred.

---

[1]The Court's interpretation of Plaintiff's second ground for ineffective assistance is consistent with the Government's understanding articulated in their brief. Petitioner disputed this interpretation of his claim, stating "[t]his is incorrect, Petitioner's argument is on Federal Criminal Jurisdiction and that without the Government showing their jurisdiction over the soverignty [sic] of the State, counsel was ineffective and the Court lacked subject matter jurisdiction." *Pet.'s Pro-se Supplemental Brief and Rebuttal Argument*, 4, ¶22. The Court will address Petitioner's claim as one of failure to challenge federal subject matter jurisdiction, and finds that Petitioner's inconsistent statement in his reply does not effect the Court's analysis.

[2]Petitioner attached documents to his second amendment [doc. #5] to show he did not take part in the drug trades, that were cited as part of the conspiracy, however, Petitioner does not specify the significance of these documents. Giving Petitioner all reasonable inferences, these documents are best understood as alleging insufficiency of the evidence to support a conviction.

The usual standard for a claim of ineffective assistance of counsel, as articulated in *Strickland*, requires a showing that counsel's conduct was unreasonable, and that the petitioner was prejudiced. 466 U.S. 687. "The Sixth Amendment right to counsel has been interpreted to provide for representation that is free from conflicts of interest or divided loyalties." *Caban v. United States*, 281 F.3d 778, 781 (8th Cir. 2002). The Supreme Court, has held that "a lawyer forced to represent codefendants whose interests conflict cannot provide the adequate legal assistance required by the sixth amendment." *Cuyler v. Sullivan*, 446 U.S. 335, 345 (1980) (citing *Holloway v. Arkansas*, 435 U.S. 475, 481-482 (1978)). The Supreme Court clearly set forth the requirements for a successful ineffective assistance of counsel claim on the basis of an attorney's conflict of interests: "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler*, 446 U.S. at 348. Unlike the traditional *Strinckland* standard, under the *Cuyler* test, "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Id*. at 349-50. The Eighth Circuit in *Caban* discussed the *Cuyler* decision, and stated that "we believe there is much to be said in favor of holding that *Cuyler's* rationale favoring the 'almost per se rule of prejudice' does not apply outside the context of a conflict between codefendants or serial defendants." *Caban*, 281 F.3d at 782. In all other cases of an alleged conflict of interests, "some finding of prejudice is essential factor in proving ineffective assistance of counsel." *Id.*

Petitioner alleges that his counsel, Ms. Trog, represented conflicting interests; however, he does not provide any evidence of multiple representation. The record conclusively shows that Ms. Trog is a member of the firm of Menees, Whitney, Burnet & Trog, while Petitioner's co-defendant was represented by different counsel who worked at a different firm. As the Petitioner cannot

6

show multiple representation, that he and his coconspirator were represented by the same attorney, or even the same firm, the Court finds that the per se prejudice rule articulated in *Cuyler* is inapplicable. Therefore the Court will analyze Petitioner's claim under the traditional *Strickland* standard.

Petitioner alleges that there was a relationship between his trial counsel, Ms. Trog, and his coconspirators counsel, such that Petitioner was prejudiced. However, the Court has not been presented with any evidence that would show a relationship between the two counsel, and furthermore, even if such a relationship existed, it did not prejudice the Petitioner. Therefore, under the second prong of the *Strickland* test, Petitioner's claim fails. The Court concludes that Petitioner's counsel did not have a conflict of interest based on her alleged relationship with Petitioner's coconspirator's counsel, and therefore, her representation of Petitioner was not ineffective in violation of the Sixth Amendment.

### B. Federal Jurisdiction Over the Drug Offense[3]

Petitioner's second claim is that his counsel was ineffective for failing to argue that the federal court lacks jurisdiction over his drug offense because the offense was intrastate in nature. Additionally, based on the alleged deficiency of the Court's jurisdiction, Petitioner asserts that the charging instrument of the Government is defective, and that Title 21 of the United States Code does not state a federal offense. The Government disputes that the Court lacked jurisdiction over Petitioner's drug trafficking offense, and therefore counsel's failure to raise an objection to jurisdiction was neither unreasonable nor prejudicial.

---

[3]A number of Petitioner's claims allege a lack of federal subject matter jurisdiction on the basis that the crime was intrastate in nature, not interstate. The Court will address each of these claims in a single section, as the key legal analysis for each section is the same, namely whether Congress can regulate the intrastate trade of illegal drugs because of the interstate effect of such activity.

7

Congress has explicitly stated the effect that the drug trade has on interstate commerce. 21 U.S.C. 801(4) clearly states that the "local distribution and possession of controlled substances contribute to swelling the interstate traffic in such substances." Furthermore, Congress specifically addressed intrastate drug trafficking, stating that "[f]ederal control of the intrastate incidents of the traffic in controlled substances is essential to the effective control of the interstate incidents of such traffic." 21 U.S.C. 801(6). Accordingly, the Eighth Circuit held that "[c]ongress may regulate both interstate and intrastate traffic and possession of controlled substances." *United States v. Curtis*, 965 F.2d 610, 616 (8th Cir. 1992).

The evidence in the present case shows that Petitioner traveled through numerous states in furtherance of the charged conspiracy, and that the drug trades occurred not only in the State of Missouri, but also in California and Texas. Petitioner's statement that his criminal activity was confined solely to intrastate activity is clearly contrary to the record. Furthermore, even if the offense was to be considered solely intrastate, the federal government would still have jurisdiction. *See Curtis*, 965 F.2d at 616. Due to the conclusion that this Court properly exerted federal jurisdiction, the claims regarding the Government's charging instrument and application of Title 21 of the United States Code are also without merit. Since Congress has found that drug trafficking effects interstate commerce, there is no need for the Government to instruct on that issue as a separate element of the crime. Therefore, Petitioner's claims for relief on the basis of jurisdictional deficiency are inadequate. The Court clearly had subject matter jurisdiction over the crime, which congress, under authority of the United States Constitution, codified in the United States Code.

### C. Sufficiency of Evidence

Petitioner's next argument is that his counsel was ineffective for failing to raise the issue of insufficiency of the evidence. In Petitioner's direct appeal his counsel argued that the evidence was

8

insufficient to support the jury verdict, however, the Eighth Circuit rejected this argument and concluded that a reasonable jury would find that Petitioner knowingly and intentionally joined the conspiracy. *United States v. Johnson*, 450 F.3d 366, 372 (8th Cir. 2006). As the record shows that Petitioner's trial counsel did raise this issue on direct appeal there is no procedural default, and therefore the claim is not one of ineffective assistance, but rather a challenge to the sufficiency of the evidence presented at trial.

Petitioner attached a number of documents to his amended motion, which he relies upon to support his claim that the evidence was insufficient to tie him to the conspiracy. Having reviewed these documents carefully, the Court notes that these documents support Petitioner's argument that Petitioner's co-defendant used the Petitioner's identification in drug trades, and that Petitioner was not involved in the incident on December 10-11, 2001. However, this evidence is insufficient to challenge the jury verdict. The evidence from trial shows that Petitioner's co-defendants testified that Petitioner often drove or rode with them to transport drugs, and that following a trip from California to St. Louis to purchase drugs, Petitioner had given a ride to one of his co-defendants. The evidence submitted by the Petitioner does not show a violation of the laws or Constitution of the Untied States; the evidence was clearly properly considered by the jury and a verdict in favor of the prosecution was reached. *See* 28 U.S.C. § 2255. The Petitioner is unable to show that there was a violation of law which demonstrates "either 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *Poor Thunder v. United States*, 810 F.2d 817, 822 (8th Cir. 1987) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Petitioner was fairly tried, and as the Eighth Circuit concluded the evidence presented against him was sufficient to support

9

the conviction. The Court concludes that this ground cannot form the basis of Petitioner's motion for habeas relief.

### D. Constitutionality of Mandatory Minimum Sentence

Petitioner's next argument in support of his habeas motion is that his counsel was ineffective for failing to argue that the mandatory minimum sentence under the statute violated Petitioner's due process rights under the Fifth Amendment.

The Eighth Circuit has previously addressed the same argument raised by Petitioner, and concluded that "the minimum mandatory sentencing does not violate any of the asserted appellants' rights protected under the Untied States Constitution[,]" specifically rejecting the appellants' claim that their due process rights under the Fifth Amendment were violated. *United States v. Mendoza*, 876 F.2d 639, 641 (8th Cir. 1989). Furthermore, the Eighth Circuit has also rejected a challenge to the statutory mandatory minimum sentence under the Eighth Amendment of the United States Constitution, holding that "mandatory minimum penalties for drug offenses do not violate the Eighth Amendment's prohibition of cruel and unusual punishment." *United States v. Baker*, 415 F.3d 880, 882 (8th Cir. 2005); *see also Mendoza*, 876 F.2d at 641.

Petitioner cites the Court to the case of *United States v. Grant*. 524 F. Supp. 2d 1204 (C.D. Cal. 2007). In *Grant,* the petitioner was convicted of conspiracy to distribute cocaine base and distribution of cocaine base. *Id.* at 1206. The California district court held that the ten year mandatory minimum sentence violated the due process clause of the Fifth Amendment as applied to peripheral offenders. *Id.* at 1219. The court reasoned that allowing a downward departure for a principal drug trafficker under the guidelines, but not allowing a similar downward departure for a peripheral offender, because it would reduce the sentence below the mandatory minimum, was violative of the peripheral offenders' due process rights. *Id.* The California district court criticizes

courts that have upheld the mandatory minimum sentences, stating that such courts "appear to approach the point of saying that a sentencing process by which the law itself produces manifestly unjust sentences, both in individual cases and across a broad cross-section of cases, is still 'due process' if it bears the imprimatur of Congress." *Id.* The Court recognizes that the California decision is not binding on this Court. The Eighth Circuit has clearly held that the statutory minimum is constitutional, and this Court is not in a position to challenge that holding. *See Mendoza*, 876 F.2d at 641. Based upon the clear precedent in the Eighth Circuit upholding the mandatory minimum sentence for drug trafficking offenses, the Court finds that Petitioner's counsel was not ineffective for failing to challenge the constitutionality of the statute under the due process clause of the Fifth Amendment.

### E. Failure to Investigate

Lastly, Petitioner argues that his counsel was ineffective for failing to adequately investigate his case, by failing to investigate alibi witnesses, and that he failed to vigorously cross-exam the prosecution's witnesses.

In order to succeed on a claim of ineffective assistance, Petitioner must show that counsel was both unreasonable and that counsel's unreasonableness prejudiced the Peititoner. *Strickland*, 466 U.S. at 688. Petitioner has not presented any evidence that would support either prong of the *Strickland* test. There is no evidence of what potential alibi witnesses could have been called, nor is there any evidence of facts that could have been used to impeach the prosecution's witnesses on cross-examination. Even assuming that Petitioner's counsel was unreasonable in failing to adequately investigate Petitioner's claim, Petitioner has not shown how he was prejudiced by these actions. Petitioner has presented nothing more than a naked allegation, which is insufficient to support his petition for habeas relief.

## V. CONCLUSION

The Court concludes that no evidentiary hearing is required in this case. Each of the claims raised by Petitioner are without merit. The record clearly shows that Petitioner was not denied effective assistance of counsel, the Court had federal subject matter jurisdiction, the evidence submitted at trial was sufficient to support Petitioner's conviction, and the sentence does not violate the due process clause of the Constitution. Due to the irrefutable evidence in the record, Petitioner's Motion to vacate, set aside or correct sentence is denied without an evidentiary hearing. *United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [doc. #1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2255 Petition.

Dated this 17th Day of June, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE